ESTATE OF NOLAN N. FOSTER, Deceased, FRANCES C. FOSTER, Executrix, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Foster v. Commissioner
Docket No. 5015-76.
United States Tax Court
T.C. Memo 1978-328; 1978 Tax Ct. Memo LEXIS 189; 37 T.C.M. (CCH) 1359; T.C.M. (RIA) 78328; August 17, 1978, Filed *189 Held, the Commissioner properly adjusted the deduction claimed for the decedent's community onehalf of the net excess of liabilities incurred over advances received with respect to a certain construction project. Ross Carlton, for the petitioner. Douglas R. Fortney, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 15,329.69 in the estate tax of the Estate of Nolan N. Foster. The sole issue remaining for decision is whether the Commissioner erred in determining that the deduction claimed on the estate tax return for the decedent's community one-half of the *190 net excess of liabilities accrued over progress payments received with respect to a certain construction project was overstated, and in increasing the taxable estate by such amount. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petition in this case was filed on behalf of the Estate of Nolan N. Foster by Frances C. Foster, independent executrix, who was a legal resident of Dallas, Tex., at the time the petition was filed. The original estate tax return for the Estate of Nolan N. Foster was filed with the Internal Revenue Service Center, Austin, Tex.
Nolan N. Foster died on December 15, 1972. Mr. Foster was a building contractor, who at the time of his death had under construction a shopping area known as Broadmoor Plaza. After Mr. Foster's death, his son and widow completed the construction job. Periodically during the construction of Broadmoor Plaza, Mr. Foster received progress payments from the owners of the project; such payments were based upon the percentage of work completed. As of the date of his death, Mr. Foster had received progress payments in the total amount of $ 696,772.67 in connection with the Broadmoor *191 Plaza project. As of the same date, the total liabilities incurred by him with respect to the Broadmoor Plaza construction project were $ 703,081.93. Thus, as of the date of Mr. Foster's death, the total liabilities incurred exceeded the progress payments received by $ 6,309.26. [1]
The status of the Broadmoor Plaza construction project as of the date of Mr. Foster's death was summarized in the workpapers of the certified public accountant who prepared the estate tax return as follows: Total bills paid prior to date of death a
$ 613,735.66
Total bills outstanding to date of death
89,346.27
Total bills applicable to date of death
$ 703,081.93
Total cash advances to date of death
696,772.67
Excess of construction bills over
advances
$ 6,309.26
The balance (adjusted for outstanding checks) of the business checking account for the Broadmoor Plaza construction project was listed as an asset on schedule C of the estate tax return. The full community amount of the balance in such checking account as *192 of the date of Mr. Foster's death was $ 52,234.43. [2] One-half of such amount, or $ 26,117.21, was included in the gross estate. On schedule K of the estate tax return, $ 162,935.85 was listed as liabilities incurred with respect to the Broadmoor Plaza construction project, computed as follows: 5. Interim construction loans on BroadmoorPlaza, Mesquite
$ 696,772.00
Less payments for material, sub-contracts, supplies for Job
607,986.77
Balance due on debt 12-15-72
$ 88,785.23
6. Other unpaid bills for materials and sub-contracts, Broadmoor Job
71,364.89
7. Unpaid commissions and job fees - Killion $ 2,285.73; Hamilton $ 500.00
2,785.73
$ 162,935.85
One-half of such amount, or $ 81,467.92, was deducted from the gross estate in computing the taxable estate. The net amount of liabilities incurred in excess of assets attributable to the Broadmoor Plaza construction *193 project deducted on the return was $ 55,350.71 (deduction of $ 81,467.92 offset by assets of $ 26,117.21). In his notice of deficiency, the Commissioner increased the taxable estate by $ 52,196.08, with the following explanation: (e) It is determined that the net excess of liabilities over assets pertaining to the Broadmoor Plaza project is $ 3,154.63 as computed below instead of $ 55,350.71 which was shown on the return. Taxable estate is increased $ 52,196.08 as follows: Liabilities and assets of Broadmoor Plaza project as determined: Total liabilities accrued to date of death
$ 703,081.93
Total cash advances received to date of death
696,772.67
Excess of liabilities over advances received
$ (6,309.26)
Less: Community one-half
3,154.63
Excess of liabilities over assets pertaining to Broadmoor Plaza project as determined
(3,154.63)
Shown on the return: Schedule C, cash in checking account
$ 52,234.43
Schedule K, interim construction loans
$ 696,772.00
Less payment for material, sub-contracts, and supplies for job
607,986.77
Balance due on debt 12-15-72
(88,785.23)
Other unpaid bills for materials and subcontracts
(71,364.89)
Unpaid commissions and job fees
(2,785.73)
Excess of expenses over advances per return
(110,701.42)
Less: community one-half
55,350.71
Broadmoor Plaza project as shown on return
(55,350.71)
Increase to Taxable Estate
$ 52,196.08
*194 OPINION Section 2053(a)(3) of the Internal Revenue Code of 1954 allows a deduction from the gross estate in computing the amount of the taxable estate for claims against the estate. The parties agree that half of the net amount of the liabilities incurred in excess of the progress payments received with respect to the Broadmoor Plaza construction project as of the date of death is deductible from the gross estate as a claim against the estate. [3] The parties further agree that the liabilities incurred exceeded the payments received by $ 6,309.26, and that the estate therefore is entitled to deduct $ 3,154.63. The only issue is whether the Commissioner correctly determined that the deduction was overstated on the estate tax return in the amount of $ 52,196.08.
The petitioner has asked the Court to make three adjustments *195 to the Commissioner's determination. First, it requests that the $ 52,234.43 balance in the Broadmoor Plaza construction project checking account (reported on schedule C of the estate tax return) be offset against the amount deducted on schedule K of the return in determining the net amount of the liabilities incurred in excess of payments received (deducted on the estate tax return) with respect to the Broadmoor Plaza construction project. The simple answer to such request is that the Commissioner, in his computations, already has allowed such an offset. On schedule K of the return, the total amount of $ 162,935.85 was listed as liabilities incurred. In his notice of deficiency, the Commissioner offset such amount by $ 52,234.43 (the balance in the checking account listed on schedule C) to arrive at a total figure for excess of expenses over advances per return of $ 110,701.42 (that is, $ 162,935.85 minus $ 52,234.43 equals $ 110,701.42). He further correctly determined that one-half of such amount, or $ 55,350.71, had been deducted on the return as the excess of liabilities incurred over payments received. Next, the petitioner asks that the payments for material, subcontracts, *196 and supplies be increased by $ 5,748.89, to reflect checks outstanding at the date of death. Such adjustment likewise already has been incorporated into the Commissioner's computations. His determination that the total liabilities incurred exceeded the total payments received by $ 6,309.26 was based upon the accountant's summary of the construction project to the date of death. In such summary, the checks outstanding were included as bills paid prior to the date of death. Finally, the petitioner asks that we increase the taxable estate by $ 13,162.33, an amount it alleges represents the progress payment due for work completed during the month of December 1972. The Commissioner did not include such amount in the notice of deficiency and has stated on brief that he does not propose to amend his pleadings to claim an increased deficiency. Under these circumstances, we will not make the adjustment proposed by the petitioner. To permit an allowance for expenses incurred in connection with the litigation before us in computing the deficiency, Decision will be entered under Rule 155.
Footnotes
1. For income tax purposes, Mr. Foster used the completed contract method of accounting.↩
a. Such figure includes checks outstanding of $ 5,748.89.↩
2. our subtraction of the bills paid from the advances received produces a figure for amounts received but not yet disbursed of $ 83,037.01, as opposed to the date-of-death balance in the business checking account of $ 52,234.43. The parties have offered no explanation for this discrepancy.↩
3. Apparently the parties have elected to treat the progress payments as loans; that is, the cash advanced and not yet expended was not included in the gross estate as property belonging to the decedent, and the liabilities incurred to the extent they were covered by the progress payments were not deducted as claims against the estate.↩